UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.:      4:18cr52/MW/MAL
                                                      4:21cv175/MW/MAL

PATRICK LEMUEL BASS,
       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before me on Defendant's amended "Motion to Vacate, Correct or Set Aside Pursuant to Title 28 U.S.C. § 2255," along with supplements and replies (ECF Nos. 113, 117, 118, 122, 125, 126, 129) and the Government's responses to his submissions (ECF Nos. 116, 120, 124, 128). After careful consideration of the parties' submissions, the record and the relevant law, I recommend that Bass's § 2255 motion be denied without an evidentiary hearing. Bass has not shown he was prejudiced by any of the alleged failures by counsel with respect to his sentencing.

## I.    BACKGROUND

On August 28, 2018, a federal grand jury charged Bass with knowingly conspiring to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount

of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). ECF No. 1. On February 21, 2019, represented by David Collins, Defendant entered a guilty plea. ECF Nos. 35-37, 92.

According to the Third Revised Final Presentence Investigation Report (PSR), Bass was a Career Offender with a criminal history category of VI, based on at least two prior qualifying offenses. ECF No. 61, PSR ¶¶ 35, 36, 67, 68. The PSR identified three qualifying offenses: (1) Distribution of Controlled Substances in Russell County, Alabama, Case CC-01-446, (2) Criminal Attempt to Manufacture Methamphetamine in Meriwether County, Georgia, Case 2005CR00200, and (3) Aggravated Assault in Meriwether County Georgia Case 2005CR00279. PSR ¶ 36. Those offenses are described in paragraphs 55, 59 and 60 of the PSR. The applicable advisory guidelines range as calculated was 262 to 327 months' imprisonment. PSR ¶¶ 123, 124.

Sentencing took place in three parts.[1] At the final sentencing hearing, the court addressed Bass's lone remaining objection to his classification as a career

---

[1] The district court continued the first hearing to ensure the parties had time to clarify late-filed objections to the PSR. ECF No. 95. At the second hearing, defense counsel, with Defendant's concurrence, withdrew an objection to the amount of methamphetamine attributable to Defendant, as well as the objection to the firearm. ECF No. 96 at 19, 30. Instead, arguments concerning the weight of the methamphetamine or the fact that it had not been tested for purity would be used in mitigation. *Id.* at 30. The only remaining objection was to Defendant's classification as a career

offender.[2]  Counsel cited a case provided by Bass for the proposition that a defendant must serve time on the sentence for it to count, and Bass concurred that with this, the objections had been covered. ECF No. 97 at 68:19-69:2. The district court found Bass's Georgia convictions for attempt to manufacture methamphetamine and aggravated assault were both qualifying convictions, ECF No. 97 at 71:13-22, 75:9-11, and it overruled the objection. It varied downward from the applicable 262 to 327-month range and imposed a sentence of 96 months' imprisonment, which it called "a free fall from the career offender guideline range." *Id.* at 97:11-12; *see* ECF Nos. 63, 64, 95-97. The court unequivocally stated, no fewer than three times, that irrespective of whether Bass was a career offender,[3] it would not have given him a sentence even one day less than his prior 96-month federal sentence due to his

---

offender. The district court continued the hearing again for the parties to prepare to address: (1) whether an "attempted" drug offense counts as a career offender predicate; (2) whether Defendant's Georgia state conviction for assault was set aside during the appeal of a companion conviction for escape; and (3) if not, whether the assault conviction was a qualifying career offender predicate. *Id.* at 56-59.

[2] Bass agreed the drug weight objection had been withdrawn with his consent. ECF No. 97 at 67:21-25.

[3] If Bass had not been a career offender, the applicable guidelines range would have been 140 to 175 months. ECF No. 97 at 96.

criminal history.[4] ECF No. 97 at 96:20-25; *id.* at 97:5-7 and 15-17. These statements are key to the instant motion.

Bass appealed, arguing only that the district court erred in sentencing him as a career offender because he did not have two prior felony convictions.[5] ECF No. 108. The Eleventh Circuit disagreed. On rehearing, it found that both Bass's 2001 conviction for distribution of a controlled substance (PSR ¶ 55) and his 2007 Georgia conviction for attempt to manufacture methamphetamine (PSR ¶ 59) were controlled substance offenses that qualified as predicate convictions for the purpose of the career-offender enhancement. *Id.* at 7.[6]

Bass timely filed his section 2255 motion in November of 2021. ECF No. 111. His amended motion, which is currently before the court, raises four grounds summarized below:

---

[4] On October 12, 2006, the United States District Court for the Middle District of Alabama sentenced Bass to a term of 96 months' imprisonment after he was convicted of violating 18 U.S.C. § 922(g)(1). ECF No. 61, PSR ¶ 56. He violated his supervised release in the Northern District of Florida and was sentenced to an additional 24 months' imprisonment. *Id.*

[5] Bass did not argue that his conspiracy conviction was an inchoate offense that was ineligible for enhancement.

[6] Because of this, the Eleventh Circuit did not address whether Bass's aggravated assault conviction also qualified as a predicate conviction for purposes of the career offender enhancement. ECF No. 108 at 7, n.4.

1. Counsel failed to secure state court Shepard documents from Georgia and Alabama which would have proven that his prior convictions should not have been used to classify him as a career offender.

2. Counsel was unprepared for sentencing, and he withdrew objections and made no investigations Defendant requested he make.

3. Counsel failed to object to the offense level corresponding to drug amount and purity, and he failed to object to Defendant's prior conviction for attempt.

4. Counsel failed to investigate prior state convictions to ensure they were "countable."

ECF No. 113. Bass contends that had counsel investigated and made the arguments he now presents, his sentence would have been below the 96-month sentence imposed in his case. ECF No. 113-1 at 2. He seeks removal of the career offender enhancement and correction of the offense level and criminal history category in his PSR. *Id.* at 4.

Bass supplemented his motion, contending counsel was ineffective for failing to object to the use of two of his Georgia convictions to support his career offender status and for the scoring of criminal history points for each of these convictions, *see* PSR ¶¶ 59, 60. ECF No. 118. Bass asserts he served no prison time on these convictions and the judgment was reversed in both cases. ECF No. 118 at 1, 2.

Because counsel did not object, Bass claims the district court inaccurately calculated his guidelines range.

Bass acknowledges the district court's remarks at sentencing regarding the length of his sentence, but he suggests the court might reconsider given his post-incarceration conduct and participation in drug abuse programming. ECF No. 113-1 at 3. In his last supplement, Bass requests that he be resentenced to time served. ECF No. 129 at 11. Bureau of Prison records reflect Bass was released on July 30, 2024. *See* https://www3.fed.bop.gov/inmateloc/. Because he is serving a term of supervised release, he remains in custody for purposes of this motion.[7] *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (concluding that a § 2255 movant, who was serving his term of supervised release at the time of filing, was "in custody" within the meaning of § 2255).

The Government argues that the Eleventh Circuit has already reviewed the propriety of the career offender enhancement, and in any event, Bass cannot show prejudice due to the district court's unequivocal remarks at sentencing.

---

[7] A violation report reflects supervision commenced on June 25, 2024, and Bass immediately tested positive for methamphetamine and amphetamine upon his release from the Residential Reentry Center. ECF No. 133. Subsequent testing was negative, and the violation was held in abeyance. *Id.*

## II.   DISCUSSION

### A. Law Governing Ineffective Assistance of Counsel Claims

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a Strickland claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

In the case of alleged errors during the sentencing process, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, a lesser sentence would have been imposed. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant difference is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Counsel is not constitutionally ineffective for failing to raise a meritless claim because declining to raise such a claim cannot be deemed "deficient" and certainly no prejudice can result. *See, e.g., Hollis v. United States*, 958 F.3d 1120, 1124 (11th

Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA). Finally, it is well established that trial counsel's failure to predict a change in the law does not constitute deficient performance. *Ritchie v. United States,* 112 F. 4th 1344, 1349 (11th Cir. 2024) (citing *Rambaran v. Secretary, Department of Corrections*, 821 F.3d 1325, 1334 (11th Cir. 2016)).

## B. Bass's Claims for Relief

Implicit in each of Bass's grounds is his belief that had counsel successfully argued he was not a career offender, he would have received a lesser sentence. The district court's unequivocal statements at sentencing are a powerful indication that Bass cannot show prejudice from any alleged failings of counsel. Specifically, the district court stated:

> The aggravator in this case, obviously, is your criminal history. And even if you weren't a career offender, the aggravator in this case would be your criminal history. And when determining … what sentence is sufficient, but not greater than necessary, I'm just not -- I don't care whether you are a career offender or not, I'm not going to give you a lower sentence than your prior federal sentence.
>
> So eight years is a long sentence, but I find any sentence below that would be inadequate. So I'm going to give you an eight-year sentence, which is 96 months, in the Bureau of Prisons.

I would note for any reviewing court that I would not give you one day less than that 96 months even if you weren't a career offender. If you are not a career offender and your guideline range was 140 to 175, that still is a substantial reduction for somebody with your criminal history ….

So it's a free fall from the career offender guideline range -- literally a freefall -- and it is a substantial reduction even under the guideline range absent career offender. So even if I ruled in your favor on career offender today, your guideline range would have been 140 to 175, and I would not have given you one day less than the sentence that had previously been imposed by a prior federal court; namely, the 96 months.

So I'm going to give you eight years followed by five years of supervised release. I find any other sentence would be insufficient.

ECF No. 97 at 96:19-97:20

For sake of completeness, the court nonetheless addresses each of his claims.

### 1. <u>Ground One-Failure to Secure Shepard Documents</u>

Bass first asserts counsel was constitutionally ineffective for not securing state court Shepard documents from Alabama and Georgia which would have proven that his prior convictions should not have been used as predicates for the application of the career offender enhancement.

### a. Alabama Conviction, PSR ¶ 55

On appeal, Bass did not dispute that his 2001 Alabama conviction for distribution of a controlled substance qualified as a predicate offense. ECF No. 108

at 5. He now claims he was "never convicted of 28-gram drug offense" and the state Shepard documents and transcripts will prove this. ECF No. 113-1 at 1-2. Although it is not entirely clear, it appears Bass is attempting to point out a discrepancy between the documents[8] and the description of the conviction in the PSR. The documents Bass submitted, however, relate to Russell County Alabama Case 01-447, and not Case Number 01-446 which was identified as a qualifying conviction for his career offender enhancement.

Bass has submitted a "plea of guilty" and a sentencing order showing he pleaded guilty to possession of methamphetamine in Russell County Alabama Case 01-447 and was sentenced to a term of five years. *See* ECF No. 111-1 at 19, 21. However, both the PSR and the Alabama court's order reflect this is not his only conviction. Paragraph 55 of Bass's PSR reflects three Russell County, Alabama convictions for: (1) distribution of controlled substances (10 years prison), (2) possession of methamphetamine (5 years prison) and (3) possession of marijuana (5 years prison) with the sentences on all counts to run concurrently. Although the three offenses are identified as "Ct. 1, Ct. 2 and Ct. 3" in the PSR, three separate case

---

[8] Bass submitted the documents with his initial § 2255 motion and did not include them in his amened motion despite the admonition that his amended motion must be complete in and of itself. *See* ECF No. 112 at 2.

numbers are provided: CC-01-446, 447 and 448. The state sentencing order Bass provided reflects his five-year sentence is to run concurrent with the sentences imposed in cases CC-01-446 & 448. ECF No. 111-1 at 21. Case CC-01-446 was the distribution charge used as a basis for the career offender enhancement. PSR at ¶ 36.

Bass has not shown that counsel was ineffective for failing to investigate and present the documentation he provided.

### b. Georgia Convictions, PSR ¶¶ 59, 60

As to the Georgia convictions, Bass now claims had counsel investigated, Shepard documents would have proven the Georgia convictions for Criminal Attempt to Manufacture Methamphetamine (PSR ¶ 59) and Aggravated Assault (PSR ¶ 60) were uncounseled, he did not serve a single day in prison on the Georgia sentences, and his convictions were reversed. ECF No. 113-1 at 1. Again, exhibits submitted with his original § 2255 motion undercut his claim.

<u>The Georgia convictions were counseled</u>

First, although defense counsel and the district court referred at sentencing to the possibility that Bass entered a plea to the assault charge without the benefit of counsel (*see* ECF No. 96 at 54:13-15; 59:16-17) the assertion that the conviction was uncounseled is unsupported. The record contains a transcript reflecting Bass pleaded

guilty in Meriwether County cases 05-CR-200 and 05-CR-279 on September 4, 2007. ECF No. 111-1 at 29-55. Joe Jones, Attorney at Law, is identified as counsel of record for Bass. *Id.* at 29, 31. Bass, having been sworn, acknowledged that Mr. Jones was representing him, that he was satisfied with counsel's representation, and that counsel had gone over various aspects of the case with him. *Id.* at 33, 35-36, 39, 43, 46, 49. The fact that counsel was not called upon to comment until page 22 of the proceedings does not change the fact that Bass was represented. *Id.* at 50. The Georgia court sentenced Bass in accordance with the negotiated "deal." *Id.* at 53.[9] In this federal case, the district court overruled the defense objection to consideration of these convictions to the extent it was based on Bass's alleged pro se status, which the Government argued was unsupported by the record. ECF No. 97 at 75-77.

<u>The Georgia convictions score even if Bass served no time</u>

Bass has repeatedly stated, starting with his comments to the sentencing court in this case, that he did not serve a day on the Georgia charges because he "reversed them all." ECF No. 97 at 85. The problem with this argument is that it does not

---

[9] In Case 05-CR-279 Bass was sentenced to a 20-year term on the aggravated assault charge followed by ten years' probation on the escape charge. ECF No. 111-1 at 52-53. In Case 05-CR-200 he was sentenced to a term of 15 years for criminal attempt to manufacture methamphetamine and 20 years for possession of methamphetamine, to run concurrent with the sentence imposed in the other case, followed by five years' probation for possession of a gun or knife during the commission of a crime. *Id.* at 30, 53.

matter whether Bass served any time on his Georgia sentences (and as will be discussed in the next section, not all of his convictions were reversed).

The Eleventh Circuit ruled on appeal that even if Bass served no time for attempted manufacture of methamphetamine, "the offense nonetheless scored one criminal history point because the state court imposed the sentence … within ten years of when Bass admittedly joined the conspiracy charged in this case." ECF No. 108 at 13. The same reasoning applies to Bass's sentence for aggravated assault, which was imposed at the same time. PSR, ECF No. 61 at ¶¶ 59, 60. Therefore, regardless of whether Bass served time on his Georgia convictions, they could each score at least one point and qualify as predicates for the career offender enhancement. ECF No. 108 at 15.

<u>Bass's convictions were not reversed</u>

Bass's claim that his Georgia convictions were reversed is misleading. Documents attached to his original § 2255 motion that were provided to the district court at sentencing (ECF No. 96 at 44-46) reflect only the consecutive ten-year probationary sentence on the escape charge in Case 05-CR-279 was reversed, not all his sentences in both Georgia cases. ECF No. 111-1 at 75-76. This escape sentence was reversed because the ten-year sentence exceeded the five-year statutory

maximum applicable to this charge. Thus, the reversal did not affect Bass's conviction and sentence on the aggravated assault and attempt to manufacture methamphetamine charges that provided a basis for the career offender enhancement. The Eleventh Circuit ruled that the state court's decision "left in place Bass's conviction or sentence on the aggravated assault charge." ECF No. 108 at 4 n.1 (citing *Bass v. State*, 709 S.E.2d 767 (Ga. 2011)). The same is true for the attempt to manufacture methamphetamine (which had a case number different from the escape and aggravated assault charge) and was found by the Eleventh Circuit to be a qualifying conviction. ECF No. 108 at 7, 15-16.

In summary, Bass is not entitled to relief on his claims in Ground One. Bass has not shown that any of the Shepard documents he claims counsel should have presented for either the Alabama or Georgia cases would have established that he was not properly considered a career offender or would have led to a different sentencing outcome.

### 2. Ground Two-Failure to Prepare for Sentencing

Bass says that counsel's statement on the record that he was unprepared at sentencing proves he was constitutionally ineffective. He claims Mr. Collins

withdrew all objections, made no investigation on issues requested by Bass and did not do a memorandum as ordered by the court.

Even if counsel was not sufficiently prepared for the original sentencing, the court twice continued the proceeding to allow the parties time to prepare and submit additional arguments. With respect to the withdrawal of objections, Bass himself confirmed his agreement with the withdrawal of certain objections. *See* ECF No. 97 at 67:17-25. His suggestion that additional investigation would have somehow born fruit is unsupported, even considering the documents attached to his original motion.

Furthermore, although the court said it "would like something . . . in writing" (ECF No. 96 at 63) it does not appear that a memorandum was required, or submitted, by either party, or that Bass was prejudiced by counsel's failure to submit same. Bass has not shown how additional preparation would have inured to his benefit.

### 3. <u>Ground Three-Failure to Make Objections</u>

Bass claims counsel was constitutionally ineffective because he did not object to the drug amount or the drug purity used to calculate the offense level. ECF No. 113 at 7. As noted above, Bass concurred that the objection to drug weight had been withdrawn with his consent. ECF No. 97 at 67:17-25; *see also* ECF No. 96 at 29-41

(discussing how the defense "objection" was more in line with an "argument in mitigation"). He cannot now fault counsel for withdrawing the objection as he agreed.

Most importantly, Bass's offense level was not affected by a finding of drug purity or drug amount—it was set at level 37 because Bass was a career offender. PSR, ECF No. 61 at ¶ 39. Objection to drug purity or drug amount would not have changed his offense level.

The objections Bass raises, moreover, have no merit. The PSR found Bass was responsible for 1,095.63 grams of methamphetamine. ECF No. 61, ¶ 30. It assigned a base offense level of 30, which corresponds to at least 500 grams but less than 1.5 kilograms of methamphetamine (mixture, not actual), or at least 50 grams but less than 150 grams of methamphetamine (actual). U.S.S.G. § 2D1.1(c)(5). The methamphetamine calculated in the PSR was a mixture and substance that had been cut rather than pure methamphetamine or ice. PSR ¶¶ 20-22. His suggestion that his base offense level should have been 24, which corresponds to at least 50 grams but less than 200 grams of methamphetamine (mixture, not actual) is unsupported and contrary to the factual findings in the PSR.

Bass also appears to contend counsel was ineffective because he did not object to the Government's introduction of an exhibit at sentencing that counsel had never seen before, and which exhibit failed to support the existence of the prior Georgia attempt conviction. ECF No. 113 at 7. The exhibit in question relates to the escape and aggravated assault case (specifically the dismissal of only the escape charge) rather than the attempt to manufacture methamphetamine case. *See* ECF No. 96 at 48-49. Counsel stated at the time he had not seen the documents previously, but he had known probation was in possession of the documents, and he saw no harm in their introduction. *Id.* at 49:13-23. Bass has not suggested a meritorious basis for an objection or shown how this affected the sentence imposed in this case.

### 4. <u>Ground Four-Failure to Investigate Prior State Convictions</u>

In Ground Four, Bass reiterates his claim that counsel was constitutionally ineffective because he did not investigate Bass's state court convictions to see if they were countable as predicate offenses for the career offender enhancement. He told counsel to obtain the state court transcripts to show "he has not served any time on the prior Georgia convictions as both case was reversed and no time was served or credited to the Georgia convictions." ECF No. 113 at 8. The one transcript he

submitted with his original motion does not support this claim. ECF No. 111-1 at 29-55.

As discussed on pages 12 and 13 above, even if Bass is correct that he served no time on the Georgia convictions, the convictions would still score one criminal history point each and qualify as predicates for the career offender enhancement. As a career offender, Bass was assigned to criminal history category VI. ECF No. 61, PSR ¶ 68. Bass has not shown he should not have had any criminal history points assessed for the two convictions in question or that counsel was otherwise ineffective.

### 5.  Supplemental Argument Regarding Inchoate Offenses

Bass has repeatedly argued that his conviction for attempted manufacture of methamphetamine (PSR ¶ 59) is an inchoate offense that does not qualify as a "controlled substance offense" for purposes of the career offender guideline. *See* ECF No. 61, PSR ¶¶ 171, 173.

At the time of Bass's sentencing, the term "controlled substance offense" was defined in the guidelines as:

> An offense . . . punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . .  or the possession of a

controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The application note further provided that controlled substance offenses include "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n.1).

Bass presented his argument on appeal,[10] maintaining the application note improperly expanded the definition of "controlled substance offenses" contained in the text of the Guideline. ECF No. 108 at 8. The Eleventh Circuit rejected his argument, finding it was foreclosed by binding circuit precedent that had held the commentary was a "binding interpretation of the term controlled 'substance offense.'" *Id*. at 9 (quoting *United States v. Smith*, 54 F. 3d 690 (11th Cir. 1995)).

On January 18, 2023, while Bass's § 2255 motion was pending, an *en banc* panel of the Eleventh Circuit overruled that prior precedent in *United States v. Dupree*, 57 F. 4th 1269 (11th Cir. 2023). After Dupree was convicted of conspiracy

---

[10] Bass also argued on appeal that his aggravated assault conviction under O.C.G.A. § 16-5-21(a)(2) did not qualify as a crime of violence because it can be committed with a mens rea of mere recklessness. Appellant's Brief, *United States v. Bass*, No. 19-15148-J, 2020 WL 1934210 at *16-19 (11th Cir. Filed Apr. 8, 2020). Although the Eleventh Circuit declined to rule on this issue in Bass's appeal (*see* ECF No. 108 at 7 n.4), in a later unpublished opinion, a panel ruled it was bound by *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018) as prior precedent, requiring a ruling that aggravated assault under O.C.G.A. § 16-5-21(a)(2) is a crime of violence under section § 4B1.2 of the guidelines. *United States v. Bryant*, No. 22-12018, 2023 WL 4447032 at *2 (11th Cir. July, 11, 2023).

to possess with intent to distribute heroin and cocaine, he appealed, challenging the use of the conspiracy conviction to support his career offender designation. The *Dupree* court held that the definition of a controlled substance offense in § 4B1.2(b) unambiguously excludes inchoate crimes, and neither consideration of nor deference to the commentary was appropriate. *Id.* at 1279. It vacated Dupree's sentence and remanded the case for resentencing. Bass argues he should receive the benefit of the *Dupree* decision and he too should be resentenced without the career offender enhancement.

  *Dupree*, of course, was not the law at the time Bass was sentenced. Bass argues he gave counsel "every chance to make precedents change in the Eleventh Circuit" by making this argument. *See* ECF No. 125 at 2; ECF No. 129 at 3. Even so, counsel is not ineffective refusing to pursue an argument foreclosed by circuit precedent or for failing to predict a change in the law. *Ritchie,* 112 F. 4th at 1349.

  Furthermore, the basis for the *Dupree* decision, that the text of § 4B1.2 unambiguously excludes inchoate offenses from the definition of "controlled substance offenses" is no longer valid. The Sentencing Commission recognized a circuit split on the issue of inchoate offenses, and effective November 1, 2023, it moved the relevant portion of Application Note 1 stating that inchoate offenses were

included in the definition of controlled substance offenses, to the text of § 4B1.2(d). U.S.S.G. App. C, Amendment 822. Therefore, if Bass were sentenced today, he would be eligible for a career offender enhancement.

Finally, even if Bass were entitled to recalculation of his guidelines range based on *Dupree*, he cannot show prejudice. The record is clear that the district court based its sentencing decision on "factors independent of the Guidelines" range, and it specifically and emphatically stated it would have imposed this sentence regardless of the Guidelines range. *See Molina-Martinez*, 578 U.S. 189, 200, 202 (2016).

## III.    CONCLUSION

An evidentiary hearing is not necessary to resolve Bass's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). In order to show deficient performance under *Strickland*, Bass must show both deficient performance and prejudice. Given the district court's unequivocal remarks at sentencing, even if any of the arguments he now raises had merit, he simply cannot show prejudice. Bass's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as supplemented, should be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.      The amended motion to vacate, set aside, or correct sentence, ECF No.

113, be DENIED.

2.      A certificate of appealability be DENIED.

DONE on January 8, 2025.


                          s/ *Midori A. Lowry*
                          Midori A. Lowry
                          United States Magistrate Judge



## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.